**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                        )
                                        )
UNITED STATES OF AMERICA        )
                                        )
                                        )
           v.                          )        Criminal No. 13-CR-187 (KBJ)
                                        )
LEO WEEKES,                      )
                                        )
           Defendant.            )
                                        )
_____ )

## MEMORANDUM AND ORDER ON PRE-SENTENCE DETENTION

Before the Court is Defendant's motion to modify bond status pending sentence. (Def.'s Mot, ECF No. 26.)  For the reasons that follow, the motion is **DENIED**.

### I.     Statutory Framework For Bail Modification

A defendant's release prior to sentencing is governed by 18 U.S.C. § 3143.  In contrast to the matter of release before trial and conviction, which is governed by 18 U.S.C. § 3142 and which requires the government to bear the burden of proving either that the defendant poses a flight risk or a risk to the safety of any person or the community, in the instant circumstance, the burden shifts *to the defendant* to prove by clear and convincing evidence that he poses neither a risk of harm nor flight.  *See* 18 U.S.C. § 1343(a)(1); Fed. R. Civ. P. 46(c) ("The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant."); *see, e.g.*, *United States v. Jones*, 800 F. Supp. 2d 90, 92-93 (D.D.C. 2011).  In other words, after conviction, the law "imposes a presumption in favor of detention" and "the defendant bears the burden of rebutting this

presumption[.]" *United States v. Tann*, No. 04-392, 2006 WL 1313334, at \*4 (D.D.C. May 12, 2006) (citations omitted).

To determine whether a defendant subject to § 3143 poses a risk of flight or danger, the court may consider the factors set forth in § 3142(g). *See id.* (citations omitted). These factors include the nature and circumstances of the offense charged, the weight of the evidence, the defendant's history and characteristics, which include whether the defendant was on parole or probation at the time of the current offense, and the danger that the defendant's release could pose to any person or to the community. 18 U.S.C. § 3142(g).

## II.    Analysis

In this matter, the Court has already examined flight risk and dangerousness under 18 U.S.C. § 3142(g), and has determined on more than one occasion that Mr. Weekes should be detained based on his criminal history involving crimes of dishonesty. (*See, e.g.*, Minute Entries of July 15, 2013, and Oct. 2, 2013.) The instant motion for release pending sentencing does not reference the newly-applicable statutory standards under § 3143 at all; instead, it makes substantially the same arguments in favor of release that were considered and rejected previously, none of which provide the Court with clear and convincing evidence that Mr. Weekes is not a flight risk.

Specifically, Mr. Weekes first contends that he was not on probation at the time of the offense (the government contests this assertion (*see* U.S. Opp'n, ECF No. 27, ¶ 7)) and that, at this point, he has already served six months in jail. (Def.'s Mot. at 2.) That Mr. Weekes has served six months of incarceration to date does not relate in any way to the applicable detention considerations.

Mr. Weekes also argues that his criminal offense is not serious and involves neither flight risk nor violence.  (*Id.* at 2 ("Mr. Weekes contends that the nature of the offense is **not** a serious one . . . [and t]he circumstances of the offense do[] **not** involve flight, concealment **nor** [evading] law enforcement." (emphasis in original)).)  But the Court finds that failure to provide accurate registration information as required by law is not a minor offense, and it is one that involves concealment of the defendant's whereabouts—precisely the same circumstance as arises when a defendant poses a flight risk.

Finally, Mr. Weekes asserts that he is neither a flight risk nor a danger to the community because he has a stable, supportive home, no pending charges, a job waiting for him, and a plan to return to vocational school.  (*Id.* at 2.)  While the Court credits these factors as ones that would normally limit an individual's risk of flight or danger, this information was considered and evaluated previously, and there is no indication that these circumstances are in any way new or changed since the last assessment of Mr. Weekes's continued detention.  In sum, Mr. Weekes has not established, by clear and convincing evidence, that he does not pose a risk of flight, as the Court previously determined.

## III.    Conclusion

For the foregoing reasons, it is hereby **ORDERED** that Defendant's [26] motion to modify bond status pending sentence is **DENIED** without prejudice.

Date:  December 13, 2013

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States District Judge

3